NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-801

RAYAN TOBY

vs.

DEPARTMENT OF UNEMPLOYMENT ASSISTANCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from Rayan Toby's efforts to obtain pandemic unemployment assistance benefits (PUA benefits) as made available under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act or Act), 15 U.S.C. §§ 9001. The Department of Unemployment Assistance (department) determined that after Toby became eligible to receive regular unemployment benefits under G. L. c. 151A (UI benefits), he became ineligible for PUA benefits. A Boston Municipal Court judge affirmed the department's decision and Toby appealed from the resulting judgment. We affirm.

Background. We summarize the facts found by the department's hearing examiner, supplemented with additional

undisputed facts drawn from the appellate record.[1]  As of June

2020, Toby was working two full-time jobs.  He separated from

one of those positions on August 21, 2020, and having done so,

applied to the department for both UI benefits and PUA benefits.[2]

Because Toby had no earnings in 2019 or in the first quarter of

2020, the department determined that Toby was "monetarily

ineligible" for UI benefits at that time.  His ineligibility for

UI benefits, however, left him qualified for PUA benefits, which

the department approved with an effective date of August 16,

2020,[3] at a weekly rate of $267.[4]  The department later

---

[1] To the extent that Toby's argument implies that he disputes the facts found by the examiner, he has failed to show that the facts summarized here lacked the support of "substantial evidence."  See Lincoln Pharmacy of Milford, Inc. v. Commissioner of the Div. of Unemployment Assistance, 74 Mass. App. Ct. 428, 431 (2009).

[2] Under the CARES Act, certain individuals not covered by, inter alia, regular unemployment compensation or pandemic emergency unemployment compensation benefits were entitled to PUA benefits "for weeks of unemployment, partial unemployment, or inability to work caused by COVID-19 -- (i) beginning on or after January 27, 2020; and (ii) ending on or before September 6, 2021."  15 U.S.C. § 9021(c)(1)(A).

[3] We note that Toby was deemed eligible for benefits from a date before his separation from the first job because, in the context of a claim for unemployment benefits through the department, the "effective date" identifies when the claimant registered the claim.  See 430 Code Mass. Regs. § 4.01(3) (2009) ("The effective date of a claim for an individual in partial unemployment shall be the Sunday of the week immediately preceding the week in which such registration and filing occurred").

[4] We find no support for Toby's contention that the PUA benefits he received were connected to his employment with the YMCA.

determined his eligibility period for these PUA benefits as "up to [seventy-nine] weeks."[5]

Toby's remaining full-time employment ended in mid-December 2020, and once it did so, he reapplied for UI benefits.[6]  Given Toby's earnings history in the second, third, and fourth quarters of 2020, the department determined that as of the end of the third quarter of 2020 (a date defined by the department's regulations as September 30, 2020, see 430 Code Mass. Regs. § 4.83 [2023]), Toby had become eligible for UI benefits.  Toby also applied and was determined to be eligible for pandemic emergency unemployment compensation benefits (PEUC benefits).[7]

---

Nothing in the record supports a finding that Toby worked for the YMCA in 2020 or 2021, nor is there support for the proposition that he stopped working for the YMCA as a result of COVID-19.  See 15 U.S.C. § 9021(c)(1)(A) (PUA eligibility dates).

[5] The notice including this eligibility period was dated March 22, 2021.  The department suggests that at the time the notice issued, the duration of the PUA program was limited to seventy-nine weeks.

[6] In his brief, Toby suggests that the department solicited his application for these benefits, then terminated his PUA benefits notwithstanding his explanation that he wished to exhaust his PUA benefits before applying for "regular unemployment."  This contention is not supported in the appellate record.  Even if it were, as we explain below, Toby's entitlement to PUA benefits terminated by operation of law when he became eligible for UI benefits.

[7] Under the CARES Act, PEUC benefits were available to individuals who "[had] exhausted all rights to regular compensation under the State law or under Federal law with respect to a benefit year" ending after July 1, 2019, and who

He received UI benefits until his benefit weeks were exhausted on the claim, then received PEUC benefits until the termination date of the CARES Act programs.

The flip side of the department's determination that Toby was eligible for UI benefits, however, was its decision (reflected in a January 21, 2021, Notice of Eligibility Determination) that his qualification for "regular unemployment insurance benefits" rendered him ineligible for PUA benefits. See 15 U.S.C. § 9021(a)(3)(A)(i).

Toby appealed the department's PUA determination to a department hearing examiner. In a written decision issued after the August 30, 2022, hearing,[8] the examiner affirmed the department's determination that Toby's claim for UI benefits rendered him ineligible for PUA benefits "after the week ending October 3, 2020." See 430 Code Mass. Regs. § 4.83.

On September 1, 2022, the department issued another Notice of Monetary Redetermination which, like the March 22, 2021, notice, informed Toby, "[y]ou meet the monetary eligibility requirements to establish a claim for [PUA] benefits [and] . . . are entitled to receive benefits as long as you are not

---

met a series of other qualifying conditions. 15 U.S.C. § 9025(a)(2)(A).

[8] The transcript of the hearing was part of the record in the Superior Court but is not included in the appellate record.

4

disqualified or held ineligible for other reasons." The notice set the weekly benefit up to $267 per week and the eligibility period up to fifty-nine weeks.

Toby appealed the hearing examiner's August 30 decision to the department's Board of Review (board), relying on G. L. c. 151A, § 40. When the board affirmed that decision, Toby appealed the board's decision to a judge of the Boston Municipal Court. After a hearing, the judge affirmed the board's decision. This appeal followed.

Discussion. We review the department's decision to deny unemployment benefits to "determine whether it was unsupported by substantial evidence, arbitrary, capricious, or otherwise based on an error of law." Lincoln Pharmacy of Milford, Inc. v. Commissioner of the Div. of Unemployment Assistance, 74 Mass. App. Ct. 428, 431 (2009). See Lisbon v. Contributory Retirement Appeal Bd., 41 Mass. App. Ct. 246, 257 (1996), quoting G. L. c. 30A, § 1 (6) (defining "substantial evidence" as "such evidence as a reasonable mind might accept as adequate to support a conclusion"). Our review is "highly deferential to the agency," requiring us to accord "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation omitted). Hotchkiss v. State Racing Comm'n, 45 Mass. App. Ct. 684, 695-696 (1998).

Applying this standard, we discern no basis on which to overturn the department's determination that Toby was not eligible for PUA benefits after October 3, 2020.  Toby does not dispute the department's determination that he qualified financially for UI benefits as of the completion of the third quarter of 2020 -- a period that ended the week of October 3, 2020.  The record before the examiner included substantial evidence to support the examiner's finding that it did so.  Specifically, the records of Toby's wages for 2020 document the fact that in the last three quarters of that year, Toby's earnings exceeded the minimum monetary threshold for UI eligibility.[9]  See G. L. c. 151A, §§ 1 (defining "base period" for determining eligibility for unemployment insurance benefits), 24 (a) (eligibility for unemployment insurance benefits contingent upon, inter alia, recipient's "[h]av[ing] been paid wages in the base period amounting to at least thirty times the weekly benefit rate").  Nor does Toby challenge the department's or the hearing examiner's determination that he qualified for and received PEUC benefits once his UI benefits were exhausted and through the termination date of the CARES Act under which the PUA benefits were offered.

_____

[9] The department represents that the relevant weekly benefit amount was $274.

6

Under the terms of the CARES Act, Toby's eligibility for UI benefits and his eligibility for PEUC benefits each disqualified him from eligibility for PUA benefits.  See 15 U.S.C. §§ 9021(a)(3)(A)(i) (defining "covered individual" as one "who . . . is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation"), 9021(c)(1)(A) (availability of benefits limited to "covered individual[s]").  The department's Notices of Monetary Redetermination did not state otherwise; although they confirmed that Toby "[met] the monetary eligibility requirements to establish a claim for [PUA] benefits [emphasis added]," they were explicit that "[y]ou are entitled to receive benefits as long as you are not disqualified or held ineligible for other reasons [emphasis added]."  The department's determination that Toby was eligible for UI benefits as of the end of the third quarter of 2020 -- on or about October 3, 2021 -- rendered Toby ineligible for PUA benefits after the end of the week beginning with that date. See 430 Code Mass. Regs. § 4.83 (for purposes of determining unemployment benefits, "Calendar Quarter means any one of the following periods in any year:  January 1st to March 31st; April 1st to June 30th; July 1st to September 30th; and October 1st to December 31st").  Toby's qualification for PEUC benefits upon the exhaustion of his UI benefits likewise precluded Toby from

7

entitlement to PUA benefits while his PEUC claim remained viable.  See 15 U.S.C. § 9021(a)(3)(A)(i).

To the extent Toby argues that the designations of his "benefit years" and potential weeks of eligibility included in the department's notices to him about his benefits applications require a different conclusion, we are not persuaded.  The CARES Act, and not the terms of the notices, governed Toby's eligibility for PUA benefits.  Even if that were not the case, however, the notices addressed only Toby's "monetary eligibility" for PUA benefits "as long as [he] [was] not . . . held ineligible for other reasons" -- for example, his failure to exhaust his other benefits as required for coverage under the Act.  See 15 U.S.C. § 9021(a)(3)(A)(i).

We likewise discern no merit in Toby's due process claims; his reliance on Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972), is misplaced where the department properly applied G. L. c. 151A and 15 U.S.C. § 9021 to determine Toby's eligibility for UI, PEUC, and PUA benefits.  Finally, regardless of the success of his challenge to the department's decision in his case, we conclude that Toby chose the proper route for appeal in G. L. c. 30A, § 14.  To the extent that he argues for relief under 42 U.S.C. §§ 1981 and 1983; G. L. c. 151A, § 71;

8

and 20 C.F.R. § 625.9(c) (2019), they do not aid him.

Judgment affirmed.

By the Court (Meade, Neyman & Hand, JJ.[10]),

Assistant Clerk

Entered:  March 29, 2024.

---

[10] The panelists are listed in order of seniority.